UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOSEPH THOM,

            Petitioner,

- against -

UNITED STATES OF AMERICA,

            Respondent.

----------------------------------------------------------X

05 CV 2847 (ARR)

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

By petition filed on June 3, 2005, pro se petitioner Joseph Thom seeks a writ of habeas corpus under 28 U.S.C. § 2255. By order dated June 14, 2005, reconsideration denied by order dated July 11, 2005, the court sua sponte dismissed as untimely Mr. Thom's petition for a writ of habeas corpus under 28 U.S.C. § 2255. In so doing, however, the court failed to issue an order to show cause explicitly providing petitioner with a notice and an opportunity to be heard. In conformity with the mandate of the Court of Appeals issued September 21, 2006 vacating those orders, the court issued an order, dated October 13, 2006, directing petitioner to show cause by written affirmation why his petition should not be dismissed as time-barred under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA). Petitioner's affirmation, dated November 9, 2006, fails to demonstrate that the instant petition is timely and petitioner's arguments are insufficient to warrant equitable tolling. Therefore, the petition is dismissed as time-barred.

As set forth in the orders issued on June 14, 2005 and October 13, 2006, a one-year period of limitation applies to motions filed under 28 U.S.C. § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. As also indicated in those orders, the petitioner's one-year limitation period apparently expired on January 29, 2003, more than two years prior the filing of the instant petition. There is no basis to believe the provisions of subsections (2) or (4) of § 2255 are applicable to render this petition timely. Nor is Mr. Thom's petition timely under subsection (3), "the date on which the right asserted was initially recognized by the Supreme Court." Although Mr. Thom raises a claim that relies on United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004), the Second Circuit has held that neither Booker nor Blakely apply retroactively to cases on collateral review. Guzman v. United States, 404 F.3d 139, 143 (2d Cir. 2005) (Booker); Green v. United States, 397 F.3d 101, 102-03 (2d Cir. 2005) (Blakely). Moreover, Mr. Thom's petition was filed more than a year after the date Blakely was decided, which was March 23, 2004.

In "rare and exceptional" circumstances, the AEDPA's one year statute of limitations is subject to equitable tolling. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000); see also Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). To benefit from equitable tolling, a petitioner must demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time" and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith, 208 F.3d at 17. Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Petitioner's affirmation fails to present any facts which could support an argument for equitable tolling. In his affirmation, Mr. Thom attributes the delay in filing his habeas petition to his initial efforts to rehire his former attorney, who apparently declined the assignment based on the state of the law in the Second Circuit relating to claims relying on Blakely and Apprendi v. New Jersey, 530 U.S. 466 (2004). Petitioner claims that he exercised reasonable diligence by filing the instant petition immediately after he learned that the legal standard for Apprendi claims was clarified by the Supreme Court in Booker. Mr. Thom's explanations are not sufficient to constitute the extraordinary circumstances required to justify allowing him to submit a habeas petition more than two years after the expiration of the statutory period. Lack of legal representation does not merit equitable tolling. See Smith, 208 F.3d at 18; see also Doyle v. Yelich, 05 Civ. 2750, 2005 U.S. Dist. LEXIS 22758, at *5 (E.D.N.Y. Oct. 7, 2005) ("A petitioner's pro se status and ignorance of the law do not warrant equitable tolling). Moreover,

3

the Supreme Court's decision in Booker does not merit equitable tolling of the instant petition, as the decision does not apply retroactively to collateral appeals. Guzman v. United States, 404 F.3d at 143. Accordingly, petitioner has failed to demonstrate any extraordinary circumstances or reasonable diligence that would warrant the court's equitable tolling of the AEDPA's limitations period.

Mr. Thom requests that, in lieu of dismissing his petition as time-barred, the court stay the petition until the Supreme Court decides Burton v. Waddington, 142 Fed.Appx. 297 (9th Cir. 2005), cert. granted, 126 S.Ct. 2352 (June 5, 2006) (No. 05-9222). Before the Supreme Court in Burton is the question of whether Blakely applies retroactively on collateral review. This court finds that granting a stay to petitioner's otherwise timebarred petition is not appropriate, because petitioner has an adequate alternative remedy should the Supreme Court decide that Blakely applies retroactively. In that event, Mr. Thom could apply to the Second Circuit for permission to bring a second habeas petition, pursuant to 28 U.S.C. § 2244, which authorizes second or successive habeas petitions when "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Consequently, the court denies petitioner's request for a stay.

## CONCLUSION

A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lozada v. United

4

States, 107 F.3d 1011 (2d Cir. 1997), <u>abrogated on other grounds by</u> <u>United States v. Perez</u>, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
November 29, 2006

Service List

### Pro Se Petitioner

Joseph Thom
54235-053
FCI - Loretto
PO Box 1000
Loretto, PA 15940

### Attorney for the Respondent

United States Attorney's Office
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201